**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**CORY A. SIMPSON,**

**Plaintiff,**

**v.** **Case No. 2:13-cv-06334**

**GO-MART, INC.,**

**Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On August 25, 2004, the plaintiff filed a Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Complaint contends that, on March 24, 2013, he was assaulted by Anthony Foye, an employee at a Go-Mart located on West Washington Street in Charleston, West Virginia. The plaintiff's Complaint further alleges that this altercation occurred in the presence of other customers, including a 12-year-old child whom the plaintiff contends considers him to be a father figure. The plaintiff further alleges that, as a result of this altercation, some of his personal property was damaged, and he suffered minor injuries, including a nose bleed, swelling to the face and mild pain in his lower back. (ECF No. 2 at 1-2.)

The plaintiff further alleges that, on March 25, 2013, he contacted the Go-Mart where the incident occurred and spoke with a manager named "Fonda." The plaintiff

further alleges that he subsequently contacted Go-Mart's corporate office, where he left messages about this incident, but received no return communications. The plaintiff further alleges that, since this incident, he has been banned from all Go-Mart stores, while Mr. Foye maintains his employment with Go-Mart. The plaintiff alleges that he has been a "victim of discrimination." The plaintiff's Complaint seeks one million dollars in damages. (*Id.* at 2-3.)

On April 3, 2013, the plaintiff filed a Motion to Amend Civil Complaint and Monetary Relief. (ECF No. 4.), which the undersigned has granted in a separate Order. The plaintiff sought to amend his Complaint to include the following allegations [with corrections]:

> 1. Go-Mart Inc. has violated the Constitution by exploiting a noticeable photograph of a past mugshot on the property of Go-Mart of the plaintiff with a written statement above that quotes "Cory Simpson is never allowed back on Go-Mart property." Go-Mart was not authorized nor provided any consent from [me] the plaintiff to do such thing.
>
> 2. Due to Go-Mart['s] unlawful doings, it had caused citizens of society to perceive a bias[ed] opinion of me, defaming my character.
>
> 3. By the exploitation of my photograph, listed on Go-Mart property located on Washington St., West, it has recently come to my attention by others that employees of Go-Mart Inc. [have] posted the picture on several social networks which are: Facebook and Instagram without any formal direct authorization nor provided consent from [me] the plaintiff.
>
> Due to the cause of embarrassment, insult of character, defamation of character, exploitation of photograph without any consent, judgmental statements of others, I ask the court that said motion be granted under the legitimate grounds listed above.
>
> [Amend] monetary relief from $1,000,000.00 to $25,000,000.00.

(ECF No. 4 at 1-2.)

**STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

**ANALYSIS**

Title 42, Section 1983 of the United States Code provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The plaintiff's Amended Complaint alleges that Go-Mart Inc. has violated his "constitutional rights." However, neither Go-Mart, Inc., not Anthony Foye, was acting under color of state law in relation to the matters alleged in the plaintiff's Amended Complaint. Thus, the plaintiff cannot sufficiently allege a claim under section 1983; nor has the plaintiff alleged a claim that would entitle him to relief under any other federal statute. Thus, Plaintiff has not stated a federal question, as required for this court to have jurisdiction under 28 U.S.C. § 1331.

A federal district court also has jurisdiction over controversies in which the parties are citizens of different states and where the amount in controversy exceeds $75,000. This basis for jurisdiction is known as "diversity of citizenship." The plaintiff cannot meet the requirements for diversity of citizenship jurisdiction, as both he and Go-Mart, Inc., which is a West Virginia corporation, are citizens of the State of West Virginia. 28 U.S.C. § 1332.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the District Court lacks subject matter jurisdiction over the plaintiff's claims. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Amended Complaint (ECF Nos. 2, 4 and 9.) for lack of subject matter jurisdiction and **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1.)

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure,

Plaintiff shall have three days (mailing) and ten days (filing of objections) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

May 30, 2013

Dwane L. Tinsley
United States Magistrate Judge